FEB 0 9 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lars Aspenlind, | CASE NO. 11 CN 0366 MCE GGH |
| Plaintiff, | VERIFIED COMPLAINT: VIOLATION |
| vs. | OF THE CONSUMER PROTECTION ACT, TRUTH IN LENDING ACT, THE |
| Spartan Mortgage Services, Red Shield Servicing, Inc, Seville Equities, LLC, Bruce Southerland, David Kindopp, North American Title Company, Richard H. Gray and DOES 1-10 | FAIR CREDIT REPORTING ACT, QUIET TITLE ACTION, INFLICTION OF INJURY AND MORE CAUSES. |
| | INJUNCTIVE RELIEF REQUESTED |
| Defendants. | JURY TRIAL REQUESTED |

COMES NOW Plaintiff for his causes of action against Defendants. The Plaintiff states as follows:

## 1. PARTIES

1.1     Plaintiff, Lars Aspenlind, (hereafter "Plaintiff") Plaintiff is of majority age and a resident of California residing in his home, which is the subject of this lawsuit, at 1660 Drummond Lane, Lincoln, CA 95648.

1.2     Defendant, Spartan Mortgage Services (hereinafter "SPM") is incorporated and doing business in the State of California.  At all times relevant hereto SPM owned and/or serviced Plaintiff's mortgage loan.  SPM's principal place of business is located at 9616 Micron, Suite 700, Sacramento, CA 95827.

1.3     Defendant , Red Shield Servicing, Inc (herein after "RSS") is incorporated and doing business in the State of California. At all times relevant hereto RSS performed

COMPLAINT FOR DAMAGES                          Page 1 of 29

a trustee sale on Plaintiff's property, and recorded a Deed of Trust on or about December 8th, 2010 from the illegal foreclosure sale initiated by SPM. RSS's principal place of business is located at 9616 Micron, Suite 700, Sacramento, CA 95827.

1.4     Defendant , Seville Equities, LLC  (herein after "LLC") is a Limited Liability Company and doing business in the State of California. At all times relevant hereto LLC acquired a title from the illegal foreclosure sale initiated by RSS. LLC's principal place of business is  located at 1508 Eureka Road, #230, Roseville, CA 95661

1.5     Defendant, Bruce Southerland (herein after "BS") is doing business as a partner and/or principal in the LLC incorporated and doing business in California. At all times relevant hereto BS acquired from RSS, in December 7, 2010, a fraudulent "Deed". BS's principal place of business is 1508 Eureka Road, #230, Roseville, CA 9566.

1.6     Defendant   Richard H. Gray (SBN 53641) (herein after RHG) is doing business in the State of California as attorney.  At all times relevant hereto RHG, as the attorney for LLC , is prosecuting  an 'unlawful detainer proceeding' against Plaintiff, despite RHG's awareness and knowledge of the illegal sale and RSS's fraudulent title via the notice to BS prior to BS "perfecting the sale". RHG's principal place of business is 1500 River Park Drive, Suite 115, Sacramento, California 95815-4607.

1.7     Defendant, David Kindopp, the Money Broker (herein after "Broker") is incorporated and/or doing business in the State of California.  At all times relevant hereto Defendant brokered Plaintiff's mortgage loan. Broker's principal place of business is located at 318 M, Street, Eureka, CA 95501.

COMPLAINT FOR DAMAGES                    Page 2 of 29

1.8     Defendant, North American Title Company, (herein after "TITLE") is incorporated and doing business in the State of California. At all times relevant here to TITLE was the escrow and title company regarding the transaction.   TITLE's principal place of business is 2240 Douglas Boulevard, Suite 120, Roseville, CA 95661.

## JURISDICTION

2.1     This Court has jurisdiction and venue over the parties and subject matter herein, because the subject property is located in the State of California and this district.

2.2     This Court has jurisdiction over the Federal Claims pursuant to 15 USC §1601 et. seq., 15 USC 1640(e), 1635, 28 USC §1331 and has Supplemental Jurisdiction over the State claims pursuant to 28 USC §1367(a). This action arises under 15 U.S.C. $ 1635, 12 C.F.R. 226, 15 U.S.C $$ 2601 and 2614, I2 C.F.R. $ 3500, U.S.C 42, 1983, 1985, 1986 and under California statutory and common law.

## FACTS

3.1     The Plaintiff is a homeowner in the State of California, residing in his home at 1660 Drummond Lane, Lincoln, CA 95648.

3.2     On or about March 20, 2010 Plaintiff applied for a refinance of a money purchase loan of the current mortgage aka. Option as the primary loan. The primary loan is a closed end loan type. On or about March 29, 2010, which is the closing of the SPM primary loan, no loan documents or required disclosures were given to the Plaintiff.

COMPLAINT FOR DAMAGES                    Page 3 of 29

3.3    On or about March 29, 2010 The loan proceeds were completely ex-hausted at the first draw clearly showing this loan was not a true open end loan.

3.4    At all times relevant hereto, Defendants regularly extended or offered to ex-tend consumer credit for which a finance charge is or may be imposed or which, by writ-ten agreement, is payable in more than four installments, and is the person to whom the transaction, which is the subject of this action was initially payable, making Defendants creditors within the meaning of TIL, 15 U.S.C. § 1602(f) and Regulation Z § 226.2(a)(17).

3.5    On or about March 29, 2010 ("settlement dates"), Plaintiff executed prom-issory notes and security agreements in favor of Defendants, SPM.  The transaction ex-tended consumer credit which was subject to a finance charge and which was initially payable to the Defendants.  The transactions were designated by Defendants as loan #31668 as a primary loan.

3.6    True and accurate copies of the credit agreement evidencing the transac-tions, will be admitted and  marked "Exhibit A" for the primary loan and by this reference are incorporated herein.

3.7    As part of this consumer credit transaction, Defendants retained a security interest in 1660 Drummond Lane, Lincoln, CA 95648, which is used as Plaintiff's prin-cipal dwelling.

3.8    Before the settlement date of the primary loan, SPM did not provide to Plaintiff: the preliminary disclosures required by Truth in Lending Act (TILA) at 12 CFR

COMPLAINT FOR DAMAGES                     Page 4 of 29

226.17 and 18, or any other preliminary disclosures as required by RESPA at 24 C.F.R. §§ 3500.6 and 3500.7, which is commonly known as the Good Faith Estimate.

3.9    SPM intentionally failed and/or refused to provide Plaintiff with various disclosures that would indicate to Plaintiff that the contract entered into is void, illegal and predatory in nature, such as an accurate Truth in Lending Disclosure (TIL) as required by 12 CFR §226.17 and 18.

3.10  No Hud-1 Settlement Statement ("Hud-1") was given at closing, which would have reflected the true cost of the credit transaction. Primarily the Good Faith Estimate ("GFE") or Itemization of Amount Financed ("IOAF") would have disclosed the cost of the loan, it would have reflected whether or not a Yield Spread Premium ("YSP") was charged or that the loan fees were discount points as required by the TILA. These required disclosures would have disclosed the same YSP and/or the true cost of the loan, if either were given. The Broker also received as an origination fee $16,225.00 plus a $4,600.00 note.

3.11  No two copies of all escrow and closing papers was given at closing.

3.12  The Title Company TITLE did not supply me with 2 copies of everything as required by law.

3.13  There was a general deception on the part of the Loan Officers, Appraiser, Title Company, and/or closing representatives, including failure to notify me of my right to counsel to review the loan documents at closing.

3.14  Fees that are backed by government guarantees (as almost all are) are usually limited to one point of the loan amount. Excessive points charged at closing and

COMPLAINT FOR DAMAGES                    Page 5 of 29

disguised as costs, or as additional fees put on the Good Faith Estimate (GFE) and the closing documents in the form of some other fee or cost, and were undisclosed fees provided without disclosure to me.

3.15 I was not provided with all necessary disclosures: Good Faith Estimate, Truth-In-Lending, HUD-1 Uniform Settlement statement prior to closing.

3.16 I was not notified of the placement of mortgage repayment insurance and/or credit default swaps on my loan and I have not been informed if the lender requested a write-off of this loan on the tax return after the loan went into default.

3.17 I was not informed in the language in my mortgage documents that reveal that my interest rate calculation would change to require me to pay "daily interest" in instances when my payments are late.

3.18 The loan agreement executed that required me to pay points did not buy down my interest rate.

3.19 The lender failed to disclose or verbally misrepresent pre-payment penalties and other fees at closing.

3.20 The good faith estimate did not match the closing documents specifically.

3.21 I was not provided the original promissory and Trust Deed to me as required by law, from SPM or TITLE, including all brokers, appraisers, title companies, and their agents and/or representatives.

3.22 SPM or TITLE failed to supply all required document either copies or originals as required by federal or state law at closing for use during the 3 day right of res-

cission period and no one at closing notified me of my rights to have an attorney review the documents for me.

3.23  There were fee discrepancies apparent from the original disclosure documents to the documents provided at closing.

3.24  SPM failed to provide me information on how the bi-weekly mortgage program would reduce my mortgage cost.

3.25  RSS that contacted me as a third party debt collector, the foreclosing party who is other than who initiated the original note.

3.26  No one  provided me the original loan documents for review.

3.27  The loan docs were made and signed for before the actual loan was made. The lender SPM or via its agent TITLE stated in the closing docs that a loan had been made before the loan was actually made.

3.28  Defendant SPM was under legal obligation as a fiduciary and had the responsibility of overseeing the purported loan consummation and make sure that Plaintiff's consummation was right and that the Plaintiffs received all mandated documentation and material disclosures under TILA and RESPA, before and after the transaction. Plaintiffs relied upon Defendant's claims that Defendants knew the best way to structure the transaction and would help Plaintiff make the best consumer transaction possible.

3.29  Defendant SPM, established a pattern and practice of defrauding Plaintiff in that, during the entire life of the loans, they have not correctly credited payments, correctly calculated interest on the accounts and have never accurately debited fees. Defendants knew that the accounts were not accurate and that Plaintiff would make further

payments based on the accounts.  Plaintiff did make payments based on the accounts and paid too much interest as a result.  In addition, Defendants used the inaccurate accounts to determine the amount owed for the purpose of foreclosure.

3.30  The above violations are material in nature under the Truth in Lending Act ("TILA") and Plaintiff has rescinded the loan by letter as a result of the above allegations. (will be admitted as Exhibits B, rescission letter)

3.31  Defendants  SPM and/or RSS   did not answer the above mentioned rescission letter and elected to foreclose the loan without notifying the Plaintiff by posting on the door of the residence or personally serving the Plaintiff with foreclosure notice after the rescission letter.

3.32  On December 6th, 2010 Plaintiff rescinded the note and sent a copy by email to BC who after being properly noticed proceeded to fraudulently "perfect the sale" and later hire his eviction attorney. BC and/or LCC had a fiduciary duty to notify RHG of the federally protected rescission right that was exercised.

3.33  On or about December 7th, 2010 Defendant SPM  via RSS foreclosed the loan complained of herein.

3.34  Plaintiff was  fraudulently  induced  to enter into a loan and Plaintiff  executed  a deed of trust encumbering his home ("Mortgage  Loan") through  the use of unfair and  deceptive acts and practices in violation  of the Truth-in-Lending Act and the Real Estate Settlement  Procedures Act, as well as state laws. Fraudulent representations concerning the payment terms of the Mortgage Loan were made to the Plaintiff to induce Plaintiff to enter into the Mortgage Loan. In addition, material disclosures in rela-

COMPLAINT FOR DAMAGES                    Page 8 of 29

tion to the Mortgage Loan, required pursuant to the Truth-in-Lending Act and its implementing Regulation, and required pursuant to the Real Estate Settlement Procedures Act and its implementing Regulation, were concealed from the Plaintiff. Nor was Plaintiff provided with a proper number of notices of their right to cancel the transaction within the time period required by law, all in violation of PLAINTIFF'S clearly established rights under federal and state statutory and common law. In addition, Defendant SPM, or its agent(s), intentionally withheld procedures and other documents related to the Mortgage Loan with the intention of harming the Plaintiff as part of a scheme to prevent the Plaintiff from knowing the true term and conditions of the Mortgage Loan prior to entering into that Mortgage Loan and thus preventing the Plaintiff from duly exercising the right to rescind the Mortgage Loan.

3.35  As a result of the failure of SPM or its agents to provide all of the disclosures required by state and federal law, and as a result of the false, fraudulent,  and/or deceitful representations made to the Plaintiffs concerning the terms of the Mortgage Loan, Plaintiff is entitled to rescind the Mortgage  Loan.

3.36  This action seeks rescission of the Mortgage Loan and statutory, compensatory, and punitive damages to vindicate the violation of the Plaintiff's federal and state rights.

3.37  Plaintiff also seeks punitive damages against the Defendants in order to punish and set example for the wrongful conduct done and the continuing damages being done in violating federal and state laws resulting in injury and damages to Plaintiff.

COMPLAINT FOR DAMAGES                     Page 9 of 29

1

2

## FIRST CAUSE OF ACTION
## UNFAIR TRADE PRACTICES (CAL.BUS & PROF. CODE)

3

4

5

4.1   Plaintiffs repeat and reallege each and every item and allegation above as if fully and completely set forth herein.

6

7

8

9

10

11

4.2   All of the Defendants have engaged in a pattern of unfair practices mentioned in the facts above in violation of the California Business and Professions Code, Chapter 4, Section 17200 et. seq. entitling Plaintiff to void the contracts, damages, treble damages and reasonable attorney fees and costs pursuant to statute.

12

13

14

15

4.3   Plaintiff alleges that all of the Defendants' actions and inactions have impaired and damaged Plaintiffs credit, entitling Plaintiff to damages to be proven at the time of trial.

16

17

18

## SECOND CAUSE OF ACTION.
## VIOLATION OF THE TRUTH IN LENDING ACT

19

20

21

5.1   Plaintiff repeats and reallege each and every item and allegation above as if fully and completely set forth herein.

22

Primary Loan violations: (SPM)

23

24

25

26

5.2   The Lenders SPM never in the loans history gave to the Plaintiff the proper loan disclosures required under the TILA at 12 CFR 226.17 and 18, in violation of the TILA.

27

28

29

30

31

32

33

5.3   All of the Defendants have engaged in a pattern of unfair practices in violation of the Truth in Lending Act, 15 USC §1601 et seq., 15 USC §1635(a), (b) and (g), in that, no TILA disclosures were given to Plaintiff, which triggers the Plaintiffs 3 year right of rescission and that the transactions are rescindable. No Material

34

COMPLAINT FOR DAMAGES                    Page 10 of 29

Disclosures were given as required by Regulation Z at 12 CFR §§226.17 and 18, entitling Plaintiff to damages under 15 USC §1640(a) et seq., of actual damages, twice the finance charge, rescission and reasonable attorney fees and costs pursuant to statute.

5.4   The Plaintiff has the right to rescind the loan transaction under 12 CFR 226.23. The Plaintiff did deliver the rescission letter with no answer and required compliance to the aforementioned rescission letter and is now suing for the same.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

6.1   Plaintiffs repeat and re-alleges each and every item and allegation above as if fully and completely set forth herein.

6.2   At all relevant times in this lawsuit, Defendant SPM and its agents qualified as a provider of information to Credit Reporting Agencies under the Fair Credit Reporting Act and reported negative marks against Plaintiff.   Plaintiff is entitled to maintain a private cause of action against  these Defendants for an award of damages in an amount to be proven at the time of trial for all violations of that act which caused actual damage to Plaintiff, including emotional distress and humiliation, under 15 U.S.C. §1681s-2(b). Plaintiff is entitled to recover damages from Defendants for negligent non-compliance under 15 U.S.C. §1681o and Plaintiff is entitled to an award of punitive damages against Defendants for willful non-compliance under 15 U.S.C. §1681n(a)(2) in an amount to be proven at the time of trial.

COMPLAINT FOR DAMAGES                    Page 11 of 29

## FOURTH CAUSE OF ACTION

## BREACH OF CONTRACT, GOOD FAITH DEALINGS AND INFLICTION OF INJURY

7.1    Plaintiff repeat and re-alleges each and every item and allegation above as if fully and completely set forth herein.

7.2    Plaintiff have been under severe stress due to the risk of foreclosure of his home and the failure of the Defendant SPM and its agents of giving a proper type of loan, failure to give proper disclosure and causing the Plaintiff damages there from.

7.3    As a result of all of this Defendant's negligence in failing to do good faith dealings, failing to give proper disclosure as outlined above, and causing the home to go into foreclosure, this Defendant has breach the contract. Plaintiff have suffered injury including damages for pain and suffering and emotional distress. The injuries are continuing in nature.

7.4    The amount of Plaintiff's damages is currently unknown and will be established at time of trial.

## FIFTH CAUSE OF ACTION

## UNJUST ENRICHMENT AS AGAINST SPM AND BROKER

8.1    Plaintiff repeat and re-alleges each and every item and allegation above as if fully and completely set forth herein.

8.2    The broker and SPM had an implied contract with the Plaintiff to ensure he understood all the fees he would pay to broker and SPM to obtain credit on her behalf and not charge any fees that were not related to the settlement of loan entered into with SPM, and full with disclosure to Plaintiff.

COMPLAINT FOR DAMAGES                    Page 12 of 29

8.3     The Broker, Broker's agent and SPM had full knowledge or had a duty to know that a Discount fee would buy down the interest rate. The interest rate was not bought down, adversely affecting the loan.

8.4     The Broker and SPM cannot in good concise keep the benefits from their actions of charging a Discount fee unrelated to the settlement services provided at closing and giving no benefit for that fee.

8.5     The Broker and SPM have been unjustly enriched at the expense of the Plaintiff and considering the circumstances allowing the Broker and SPM to maintain the benefit would be contrary to the rules of equity.

8.6     Plaintiff demands the following restitution from the Broker and SPM: Actual and Exemplary damages and reasonable attorney's fees.

## SIXTH CAUSE OF ACTION

## (Violation of Cal. Civil Code $ 1798.82 - Against SPM and RSS Defendants)

9.1     Plaintiff repeat and re-alleges each and every item and allegation above as if fully and completely set forth herein.

9.2     These Defendants failed to timely disclose to Plaintiff the disclosure of their personal information as required under California Civil Code $ 1798.82.

9.3     As a proximate result of the foregoing untimely disclosure by Defendants, the Plaintiff was damaged as described in this Complaint. Without limiting the damages as described elsewhere in this Complaint, Plaintiff damages also include direct losses associated with identity theft and the losses associated with

COMPLAINT FOR DAMAGES                    Page 13 of 29

reduced credit scores, including, among others, unavailability of credit, increased costs of credit, reduced availability of goods and services tied to credit ratings, increased costs of those services, as well as fees and costs, including, without limitation, attorneys' fees and costs.

9.4    Plaintiff may recover damages under California Civil Code $ 1798.84 according to proof and such further relief as is set forth below in the section captioned Prayer for Relief which is by this reference incorporated herein.

## SEVENTH CAUSE OF ACTION
## ( Violation of California Financial Information Privacy Act )

10.1    Plaintiff repeat and re-alleges each and every item and allegation above as if fully and completely set forth herein.

10.2    The Defendants' disclosure of nonpublic personal information and personally identifiable financial information constituted violations of the California Financial Information Privacy Act. California Financial Code $$ 4050-4060.

10.3    Without limiting the damages as described elsewhere in this Complaint, Plaintiff damages as a result of the foregoing also include direct losses associated with identity theft and the losses associated with reduced credit scores, including, among others, unavailability of credit, increased costs of credit, reduced availability of goods and services tied to credit ratings, increased costs of those services, as well as fees and costs, including, without limitation, attorneys' fees and costs. The Plaintiffs may recover damages under California Financial Code $

COMPLAINT FOR DAMAGES                    Page 14 of 29

4057(a) according to proof and such further relief as is set forth below in the section captioned Prayer for Relief which is by this reference incorporated herein.

## EIGHT CAUSE OF ACTION
## ( Invasion of Constitutional Right to Privacy)

11.1   Plaintiff repeat and re-alleges each and every item and allegation above as if fully and completely set forth herein.

11.2   The guarantee of privacy granted to each Californian is a special and unique right embedded in the very first clause of the California Constitution. Article 1, $ 1 of the California Constitution provides:

> All people are by nature free and independent and have inalienable
> rights. Among these are enjoying and defending life and liberty,
> acquiring, possessing, and protecting property, and pursuing and
> obtaining safety, happiness, and **privacy**. (Emphasis supplied)

11.3   The unauthorized disclosure of "Private Information" (confidential, nonpublic personal information, including such information as social security numbers, dates of birth, property values, bank and credit card account numbers, and other personal information) is a fundamental violation of Californians' inalienable right to privacy. Each Plaintiff has a constitutionally protected privacy interest and right in his Private Information.

11.4   Plaintiff provided Private Information to the Defendants as a requirement for obtaining a mortgage. Plaintiff had a reasonable expectation that the Defendants would preserve the privacy of this Plaintiff's Private Information. The right of privacy and the Plaintiff's' interest in his Private Information is a constitutionally protected inalienable property right.

11.4   Defendants directly and through their agents violated Plaintiff's inalienable privacy rights by disclosing the Private Information without his knowledge, authorization or consent. This unauthorized disclosure of private information

COMPLAINT FOR DAMAGES                    Page 15 of 29

1  is intrusive into the most private reaches of the Plaintiff' life, and does not in-
2  clude information that is of a legitimate public concern.

3     11.5   Possession of personal confidential information allows criminals to
4  "breed" identities, that is, to obtain other forms of identification that may further
5  enhance their ability to misuse another's identity.

6     11.6   Social security numbers are among the most sought after and val-
7  uable items of personal information to an identity thief.

8     11.7   The average victim of unauthorized use of wrongfully disclosed per-
9  sonal confidential information spends approximately 600 hours and $1,400 repair-
10 ing his or her credit once violated.

11    11.8 Victims of identity theft also often suffer further financial loss from
12 the denial of credit or utility services, increased difficulty in securing employment
13 and housing, and higher insurance and credit rates. In some cases, an identity
14 theft victim may even have a criminal record develop in his or her name. Further
15 costs include lost wages or vacation time, diminished work performance, in-
16 creased medical problems, and impact on family and friends.

17    11.9 It is often the case that a victim will not discover that his or her Pri-
18 vate Information has been stolen and misused until long after an identity theft
19 has taken place, and then only when they are denied credit or discover that
20 their bank account has been emptied.

21    11.10   The California Constitution (Art. I, $ I) is self-executing and confers
22 a right of action beyond the scope of the mere common law tort' See, e.g., Burt v.
23 Orange (2004) I 20 Cal.App.4th 273, 284.

24    11.11   Fundamental to privacy is the ability to control circulation of person-
25 al information, The proliferation of business records over which individuals have
26 no control limits their ability to control their personal lives. Personal privacy is
27 threatened by the information-gathering capabilities and activities of private busi-
28 ness - and never more than when a financial institution that requires personal in-
29 formation to permit a consumer to buy a home and obtains it with the assertion and
30 promise it will be safeguarded fails to safeguard that information.

31
32
33

34  COMPLAINT FOR DAMAGES           Page 16 of 29

11.12     On information and belief, SPM and RSS, in furtherance of their un-lawful deception of Plaintiff's rights did make public at the court house based on viola-tions of procedures and laws, the private information of Plaintiff.

11.13 . On information and belief, third parties unlawfully used the Private Information acquired from SPM and RSS thereby further damaging Plaintiff.

405. By reason of the conduct alleged herein, Defendants violated Plaintiff's constitutional right of privacy and Plaintiff has suffered special damages in an amount according to proof at trial.

11.14     Further, as a proximate and foreseeable result of Defendants' in-tentional disclosure of Plaintiffs' Private Information, Plaintiff has suffered general damages - including pain and suffering and emotional distress - in an amount ac-cording to proof at trial.

11.15     Defendants conduct is willful, outrageous and pervasive, involving hundreds of California citizens. Not only did Defendants abuse Private Information, willfully fail to maintain the security of the Private Information, and then disclose it to third parties without permission.

11.16 Without limiting the damages as described elsewhere in this Com-plaint, Plaintiffs damages as a result of the foregoing also include direct losses associated with identity theft and the losses associated with reduced credit scores, including, among others, unavailability of credit, increased costs of credit, reduced availability of goods and services tied to credit ratings, increased costs of those services, as well as fees and costs, including, without limitation, attorneys' fees and costs.

## NINTH CAUSE OF ACTION
### (Negligent Misrepresentation)

12.1    Plaintiff repeat and re-alleges each and every item and allegation above as if fully and completely set forth herein.

COMPLAINT FOR DAMAGES                    Page 17 of 29

12.2 Although SPM Defendant, may have reasonably believed some or all of the representations it made, described in this Complaint, were true, SPM had reasonable grounds for believing such representations to be true at the time: (a) the representations were instructed to be made, as to that Defendant instructing others like the Title Company to make representations, or (b) at the time the representations were made, as to Defendant making representations and those as Defendant's agents instructing others to make the representations, or (c) at the time the representations were otherwise ratified by SPM Defendant.

12.3 Such representations, fully set forth in the previous sections of this Complaint, were not true.

12.4 SPM and its agents intended that Plaintiff rely upon those misrepresentations.

12.5 As described herein, Plaintiff reasonably relied on those representations.

12.6 By reason of SPM's prominence, Plaintiff was justified in relying upon Defendants' representations.

12.7 As a result of relying upon the foregoing misrepresentations, Plaintiff entered into a mortgage contract with SPM Defendant.

12.8 The loan docs were made and signed for before the actual loan was made. The SPM stated in the closing docs that a loan had been made before the loan was actually made. That was a misrepresentation.

12.9 As a result of SPM's failures and non-existent loan described herein, Plaintiff could not legally pay for it. SPM could not foreclose on a non-loan and further could not sell before posting with complying with all the rules governing the notices of default. Further it could not sell a rescinded note and the sale become a misrepresentation to the buyer and a theft as for the Plaintiff.

12.10 Without limiting the damages as described elsewhere in this Complaint, Plaintiff damages as a result of the foregoing also include loss of equity in the house, costs and expenses related to protecting themselves, reduced credit scores, unavailability of credit, increased costs of credit, reduced availability of goods and services tied to credit ratings, increased costs of those services, as well as fees and costs, including, without limitation, attorneys' fees and costs.

COMPLAINT FOR DAMAGES                    Page 18 of 29

12.11   Plaintiff is entitled to such relief as is set forth in this Cause of Action and such further relief as is set forth below in the section captioned Prayer for Relief which is by this reference incorporated herein.

## TENTH CAUSE OFACTION
## (Fraudulent Concealment)

13.1   Plaintiff repeat and re-alleges each and every item and allegation above as if fully and completely set forth herein.

13.2   Defendant SPM had exclusive knowledge of the rescission prescribed by pertaining to mortgage and note it did sell via its agents the next day to the highest bidder. SPM concealed this cancelation of the note and statutory exercised right to any and all potential buyer with the intent to sell Plaintiffs' note above its actual value to and with full knowledge that the illegal sale would result in gravely damaging Plaintiff.

13.3 Further, Defendant suppressed material facts relating thereto as set forth above. SPM knew or should have known that a rescinded note can not be sold and must revert back.

13.4. SPM was dependent on selling the note rather than explaining what the rescission meant to its investors, an important fact if disclosed to its investors. SPM was hoping that Plaintiff could not seek remedy against such violation his rights and thus concealed to the potential buyers that the note was null and void through the rescission

13.5 SPM hid these risks associate with selling the rescinded note from the potential buyers and its own investors.

13.6   Defendant misled from the potential buyers and its own investors by failing to disclose substantial negative information regarding the rescinded note.

13.7  SPM knew this rescission did by law stop them from selling the note. Defendant nevertheless hid this negative information from the public, including its investors.

13.8  SPM knew or should have known all the laws that were not complied with as described in this complaint and concealed their required implementations.

13.9   Plaintiff did not know the concealed facts.

COMPLAINT FOR DAMAGES                    Page 19 of 29

13.10 Defendant SPM and its agents intended to deceive Plaintiff. As described herein, that deception was essential to their overall plan to satisfy investors.

13.11 SPM is well known entity in this town and a leading providers of mortgages. As a result, Plaintiff reasonably relied upon the deception of SPM.

13.12 As a proximate result of the foregoing concealment by Defendant, Plaintiff has suffered loss, gravely damaging Plaintiff by materially selling his equity of the primary residence, depriving him of access to equity lines, second mortgages and other financings previously available based upon ownership of a primary residence in California, and reduced credit availability.

13.13 Without limiting the damages as described elsewhere in this Complaint, Plaintiff's damages arising from this Cause of Action also include loss of equity in his house, costs and expenses related to protecting himself, reduced credit scores, unavailability of credit, increased costs of credit, reduced availability of goods and services tied to credit ratings, increased costs of those services, as well as fees and costs, including, without limitation, attorneys' fees and costs.

13.14 To this day, Defendant never professed willingness to modify Plaintiffs' loan in accordance with law, but nonetheless persisted to conceal this right to deprive Plaintiff of his rights.

13.15 Defendant acted outrageously and persistently with actual malice in performing the acts alleged herein and continue to do so. Accordingly, Plaintiff is entitled to exemplary and punitive damages in a sum according to proof and to such other relief as is set forth below in the section captioned Prayer for Relief which is by this reference incorporated herein.

## ELEVENTH CAUSE OF ACTION

## QUIET TITLE TO REAL PROPERTY

14.1 Plaintiff repeat and re-alleges each and every item and allegation above as if fully and completely set forth herein.

14.2 Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each of the defendants sued herein was the agent and employee of

COMPLAINT FOR DAMAGES                    Page 20 of 29

1  each of the remaining defendants and was at all times acting within the purpose and
2  scope of such agency and employment. Notice to principal is notice to agent and notice
3  to agent is notice to principal.

4       14.3 Plaintiff is informed and believes and thereupon alleges that at all times
5  herein mentioned he was the owner and/or entitled to possession of the property lo-
6  cated at 1660 Drummond Lane, Lincoln, CA 95648. The legal description of the proper-
7  ty will be named Exhibit D.

8       14.4   Plaintiff is informed and believes  and thereupon alleges  that Defendant
9  BS, Defendant LLC, and each of them, claim an interest in the property adverse to
10 plaintiff herein. However, the claim of said Defendants  is without any right whatsoever,
11 and said Defendants have not legal or equitable right, claim, or interest in said property.

12      14.5   Plaintiff therefore seek a declaration that the title to the subject property is
13 vested in plaintiff alone and that the defendants herein, and each of them, be declared
14 to have no estate, right, title or interest in the subject property and that said defendants,
15 and each of them, be forever enjoined from asserting any estate, right, title or interest in
16 the subject property adverse to plaintiff herein.

## TWELFTH CAUSE OF ACTION

### (Against all Defendants for Rescission and Damages Pursuant to 12

### U.S,-C. $ 1635, et.seq. – Defendants SPM, RSS, BC, LCC, RHG)

15.1   Plaintiff repeat and re-alleges each and every item and allegation above
as if fully and completely set forth herein.

15.2   The Mortgage Loan is subject to the federal Truth-in-Lending Act and
its implementing regulation, Regulation Z, because the Borrower under the Mort-
gage Loan, Paul Nguyen, is an individual and not a corporation, partnership, or
other entity, and because Plaintiff used the loan proceeds for personal, family, or
household purposes, and because the amount borrowed was, and is, subject to a
finance charge and is to be repaid in 5 or more installments, and because the
Mortgage Loan is secured by Plaintiffs' principal dwelling. Furthermore, the Mort-
gage Loan is not subject to any of the exemptions set forth in the Truth-in-
Lending Act and Regulation Z and it was not a loan for business purposes.

34  COMPLAINT FOR DAMAGES                Page 21 of 29

15.3    Because of the Mortgage Loan is subject to the Truth-in-Lending Act and Regulation Z, Defendants were required to deliver to the Plaintiff, among other things, Notice of Right to Cancel. Defendants failed to deliver the Notice of Right to Cancel to Plaintiff.

15.4    The right to rescind the Mortgage Loan is extended to three-years. Plaintiff exercised his rights under California and federal laws by notify Defendants SPM and RSS before the sale and BS and LLC after the sale but before "perfecting the sale" and RHG after the "perfection" and these defendants were properly noticed as agents for each others to take appropriate actions not to further the violations and fraud but to mitigate them and the damages for violating the rescission of the Mortgage Loan.

15.5    Defendants failed to take actions as required under the Truth-in-Lending Act and Regulation Z upon receipt of rescission of the Mortgage Loan.

15.6    As a direct and proximate result of the violation of the Truth-in-Lending Acts and Regulation Z by Defendants, Plaintiff suffered damages in an amount to be proven at trial.

### THIRTEENTH CAUSE OF ACTION
### (for Damages Pursuant to 12 U.S.C. $ 2607)

16.1    Plaintiff repeat and re-alleges each and every item and allegation above as if fully and completely set forth herein.

16.2    The Mortgage Loan is a federally related mortgage loan and is sub-ject to the federal Real Estate Procedures Act (RESPA) and its implementing regulation, Regulation X.

16.3    Because the Mortgage Loan is subject to RESPA and Regulation X, all Defendants were required to comply with Section 8(a) and (b) of RESPA ap-pearing at 12 U.S.C. $ 2607(a) and (b). Section 8 violations are further defined by Regulation X and24 C.F.R. $ 3500.14 as "Prohibition against kickbacks and un-earned fees."

16.4    Because SPM and RSS and/or its agent conspired to withhold, and did withhold, Notice of Right to Cancel with all the required disclosures, and because

COMPLAINT FOR DAMAGES                    Page 22 of 29

SPM and/or its agent conspired to withhold required disclosures to Plaintiff, Plaintiff allege that the actual value of the SPM transaction and its services was $0.00.

16.5    As a result of the value of the SPM Funding's services being $0.00, SPM and/or its agent violated Section 2607{b) of RESPA.

16.6    Plaintiff allege that because value of service was $0.00, the payments by SPM and/or its agent to any other claims and any of such payments or portion thereof paid or received are violation of Section 2607(a) of RESPA.

16.7    As a direct and proximate result of the violations of RESPA and Regulation X by SPM and/or its agent, Plaintiff suffered damages in an amount to be proven at trial.

16.8    As a direct and proximate result of the violation of RESPA and Regulation X by SPM and/or its agent, the Defendants BS and/or LLC has been, and will be unjustly enriched and Plaintiff has been damaged in excess of $189,000.00.

## FOURTEENTH CAUSE OF ACTION

### (Against Defendants Defendants SPM, RSS, BC, LCC, RHG Pursuant to California Law)

17.1    Plaintiff repeat and re-alleges each and every item and allegation above as if fully and completely set forth herein.

17.2    The Mortgage Loan is subject to the conditional right of rescission provided by the Truth-in-Lending Act which grants the Borrower and any owner (i) an unconditional right of rescission for the first three days following the consummation of the transaction, or (ii) a conditional right of rescission if the creditor fails to deliver certain forms and/or fails to disclose certain information. The statute put a3-year time limit on the exercise of the conditional rescission right.

17.3    The Defendants failed to deliver Notice of Right to Cancel to Plaintiff, who is the owner of the subject properly as required by the Truth-in-Lending Act. As the result of such failure, Plaintiff is entitled to, and have, exercise his conditional right of rescission of the Mortgage Loan.

COMPLAINT FOR DAMAGES                    Page 23 of 29

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34

## FIFTEENTH CAUSE OF ACTION
### (For Declaratory Relief)

18.1   Plaintiff repeats and re-alleges each and every item and allegation above as if fully and completely set forth herein.

18.2    An actual controversy has arisen and now exists between the Plaintiff and all defendants in that Defendants either failed to provide Plaintiffs with disclosures required by state and federal law in connection with the Mortgage Loan or comply with the law. Plaintiff further contend that he have the right to rescind and tender money received of the Mortgage Loan under state and federal law and have done so. On information and belief, these Defendants took no steps to honor plaintiffs' request or cancel its security interest in the property as required by state and federal laws to rescind the Mortgage Loan.

18.3   The statute delineates a specific procedure to be followed when the debtor exercises its right of rescission. In particular, 12 U.S.C. $ 1635(b) provides that upon receipt of notice of rescission, the creditor shall return all earnest money or down payments to the debtor and shall terminate its security interest in the property. There was a complete failure to honor these laws by the Defendants.

18.4   Thus, the statute contemplates a three-step sequence in which (i) the debtor notifies the creditor of exercise of rescission rights, (ii) the creditor tenders all payments received from the debtor and terminates its security interest in the residence, and (iii) the debtor tenders the loan proceeds to the creditor.

18.5   Plaintiffs rescinded the transaction on December 7 ,2007 by delivering to Defendants SPM and RSS a written notice of rescission.

18.6    Defendants have failed to take the necessary and appropriate action to reflect the termination of any security interest created under the transaction, as required by 15 U.S.C. $ 1635(b) and Regulation Z 5226.23(d)(2).

18.7    Plaintiff desires a judicial determination of his rights under state and federal law and that these Defendants account for and pay to Plaintiff all money and property received by Defendants and/or its agents or delivered to others resulting from the Mortgage Loan and terminating its security interest in the real property.

COMPLAINT FOR DAMAGES                    Page 24 of 29

18.8   A judicial determination is necessary and appropriate at this time in order that Plaintiff may determine his rights and that the obligations of Defendants will also be determined pursuant to the contract and California and federal law.

18.9   As a result of the aforesaid violations of TILA and Regulation Z, pursuant to 15 U.S.C. $ 1635(a) and $1640(a), the Defendants are liable to the Plaintiffs for:

- a. Rescission of the transaction, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed by the Defendants;
- b. Termination of any interest whatsoever in Plaintiff's property held by the Defendants;
- c. Return of any money or properly given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;
- d. Statutory damages of $4,000 for each Defendant (consisting of $2,000 for the disclosure violation and $2,000 for the failure to rescind);
- e. Forfeiture of return of any loan proceeds;
- f. Actual damages in an amount to be determined at trial; and
- g. Costs, including attorney's fees as allowed by TILA.

## SIXTEENTH CAUSE OF ACTION
## INJUNCTIVE RELIEF

19.1   Plaintiffs repeat and re-alleges each and every item and allegation above as if fully and completely set forth herein.

19.2   SPM illegally foreclosed the loan complained of herein through its agent; RSS without required contacts and notice to the Plaintiff and after the Plaintiff had rescinded the same loan under the TILA.

19.3   SPM illegally foreclosed on the loan complained of herein without notice to the public by printing and publishing the foreclosure in the local news paper.

19.4   SPM illegally foreclosed the loan complained of herein. The Home is currently valued at over $250,000.00. The auction held at the Court House steps brought only $189,000.00, which was about $20.000.00 more than the amount of the rescinded indebtedness held by SPM.

COMPLAINT FOR DAMAGES                    Page 25 of 29

19.5    Pursuant to California Civil Code, $ 2923.5, the Defendants - and each of them - are prohibited by statute from recording a Notice of Default against the primary residential property of any Californian without first making contact with that person as required under S 2923.5 and then interacting with that person in the manner set forth in detail under $ 2923.5. An exception to this rule of law exists in the event the Defendants are unable with due diligence to contact the property owner.

19.6    With respect to all Plaintiffs in this cause of action, the realty that is the subject hereof was and is their primary residential dwelling within the meaning of $ 2923.s.

19.7    The Defendants, caused Notices of Default to be recorded against the primary residential properties of the Plaintiff named in this cause of action absent compliance with California Civil Code, 5 2923.5. Included in the noncom- pliance, Defendants,    caused declarations to be recorded in the public records that were - each of them - false. This act also violates $ 2923.5 and other Cali- fornia laws precluding the filing of false statements.

19.8    Plaintiff is entitled to such relief as is set forth in this Cause of Action and such further relief as is set forth below in the section captioned Prayer for Relief which is by this reference incorporated herein.

19.9    Plaintiff move this Court, pursuant to Rule 65 of the Federal Rules of Civil Procedure, for a Preliminary Injunction against the Defendants and Placer County Sheriff's Department enjoining them from taking any action to transfer any interest putatively held by the Defendants in the Plaintiff's residence located at 1660 Drummond Lane, Lincoln, Ca 95648, CA or to encumber the Plaintiffs interest in that property or remove any personal items from that property or prevent Plaintiff from entering his own residence. In support of his Motion, the Plaintiff states as fol- lows:

1. The Plaintiff will suffer immediate and irreparable harm if the Defen- dants should transfer or possess any further interest or interest in the Plaintiff's property;

    a. Plaintiffs have no adequate remedy at law should the Defen- dants affect such further transfer;

COMPLAINT FOR DAMAGES                Page 26 of 29

b. Plaintiff is likely to prevail on the merits of his claims;

c. The balance of the hardships tips decidedly in favor of grant-
ing the requested injunction, inasmuch as the cost to the De-
fendants of enjoining any such transfer is negligible when
compared to the potential harm the Plaintiff's face if he lose
the dwelling and property prior to these proceedings ending.

19.10 The Plaintiff herein moves this Court for a temporary restraining order and
preliminary injunctive relief against SPM and RSS's illegal foreclosure and BS and LLC
as the "buyer of the note" at the auction and the Placer Sheriff Department and its
scheduled eviction action based on fraud until the complaint herein has came to its con-
clusion.

## RELIEF SOUGHT

Wherefore, having set forth various causes of action against Defendants, Plaintiff
prays for the following relief:

1. That the foreclosure held by FCI for GFC be declared illegal and void and the
same be enjoined; and

2. That the purchase by LCC be declared illegal and void and the same be
enjoined; and

3. That the transactions be deemed void as result of the Defendants breach;
and

4. That judgment be entered against the Defendants awarding Plaintiff dam-
ages in an amount to be proven at the time of trial but in excess of $50,000; and

5. That the actions of all of the Defendants be determined to be unfair and de-
ceptive business practices in violation of California Law and that this Court award all
such relief to Plaintiffs as they may be entitled to, including treble damages for the sale
amount and an award of costs and attorney's fees; and

6. That the actions of the Defendants be determined in violation of the Truth in
Lending Act, for the non-compliance of 15 USC §1635(a) and the Regulations promul-
gated there under, which in turn triggers rescission and non-compliance of 15 USC
§1635(b), which in turn causes the loan to be rescinded without the Plaintiffs ever pay-
ing for it, and the Court grant rescission in accordance with 15 USC §1635(b) including

COMPLAINT FOR DAMAGES                    Page 27 of 29

1 | return of all finance charges and payments and award other damages provided by 15
2 | USCA §1640(a) et seq.

3 |     7.    That the Plaintiff be awarded $8000.00 statutory penalty for the violations of
4 | the Truth in Lending Act;

5 |     8.    That defendants SPM, RSS, BC, LCC and RHG are liable for treble dam-
6 | ages of the $189,000.00 note sale.

7 |     9.    That the Plaintiff be awarded consequential damages, including attorney's
8 | fees incurred to bring this action, in an amount to be fully proved at the time of trial but
9 | in excess of $50,000;

10 |     10.   That the Plaintiff be awarded his fees and costs pursuant to the written loan
11 | agreements which bind the Defendants;

12 |     11.   That the Court award Plaintiff all relief to which he is entitled under the Fair
13 | Credit Reporting Act, including an award of punitive damages against the Defendants,
14 | for willful violations of the FCRA; and

15 |     12.   That the Court enter quiet title judgment that Plaintiff is the owner of the
16 | subject property and that Defendants have no interest in the property adverse to Plain-
17 | tiffs, or in the alternative set aside the Trustee Sale pending the outcome of this litiga-
18 | tion; and

19 |     13.   For an order compelling said Defendants, and each of them, to transfer le-
20 | gal title and possession of the subject property to Plaintiff herein; and

21 |     14.  For a declaration and determination that Plaintiff is the rightful holder of title
22 | to the property and that Defendants herein, and each of them, be declared to have no
23 | estate, right, title or interest in said property; and

24 |     15.  For a judgment forever enjoining said defendants, and each of them, from
25 | claiming any estate, right, title or interest in the subject property; and

26 |     16.   General, special and exemplary damages according to proof under the
27 | Causes of Action; and

28 |     17.  Statutory relief according to proof under the Causes of Actions; and

29 |     18.  Restitution according to proof under the Cause of Actions; and

30 |     19  Temporary, preliminary and permanent injunctive relief under the Causes
31 | of Actions; and

32 |     20.  On all causes of action, for costs of suit herein;

33 |

34 | COMPLAINT FOR DAMAGES         Page 28 of 29

21. On all causes of action, for pre- and post-judgment interest;

22. On all causes of action for which attorney's fees may be awarded pursuant

to the governing contract, by statute or otherwise, reasonable attorneys fees; and

23. On all causes of action, for such other and further relied as this Court may deem just and proper; and

24.   For costs of this suit herein incurred; and

25.   That the Court award such other relief as it deems just and proper.

## RIGHT TO AMEND

Plaintiffs reserve the right to amend this Complaint, asserting other facts and causes of action after further investigation and discovery.

Under the penalties of perjury the Plaintiff herein attests to the aforementioned,


DATED this 7th day of February 2011.

Lars Aspenlind

COMPLAINT FOR DAMAGES                Page 29 of 29