IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARS ASPENLIND,

    Plaintiffs,                                    CIV. NO. S-11-0366 MCE GGH

    vs.

SPARTAN MORTGAGE SERVICES, et al.,

    Defendants.                                ORDER AND

                                                        ORDER TO SHOW CAUSE

        Presently before the court is defendants Seville Equities, Sutherland and Gray's motion to dismiss, filed March 14, 2011.[1] Also before the court is plaintiff's motion to amend the complaint, filed March 9, 2011. Neither party filed an opposition to the opponent's motion. Having now reviewed the motions, the court issues the following order and order to show cause as further briefing is required.

BACKGROUND

        Plaintiff initiated this action on February 9, 2011. After service of summons but prior to the motion to dismiss, plaintiff filed an amended complaint on February 22, 2011. This complaint did not contain a proof of service on defendants. On March 9, 2011, after two

---

[1] This matter was previously vacated from the court's calendar for April 21, 2011, and taken under submission, the court having found that oral argument was unnecessary.

1

defendants answered but five days prior to the filing of the instant motion to dismiss, plaintiff filed a motion for leave to file a second amended complaint, along with a proposed second amended complaint. No defendant has filed an opposition to that motion; however, defendants' motion to dismiss directly addresses the proposed second amended complaint as if it were already approved. In light of defendants' apparent non-opposition to the proposed second amended complaint, the court will grant the motion for leave to amend *nunc pro tunc*.

The second amended complaint alleges that defendants evicted plaintiff from his home in a "plot to foreclose, cheat plaintiff and evict plaintiff out of his property in order to conceal the illegal gains obtained from the predatory lending enterprise scheme." (SAC at 2.) Plaintiff claims that he refinanced the mortgage on his primary residence on or around March 20, 2010 through Spartan Mortgage Services ("Spartan"). (SAC ¶¶ 17, 18.) He alleges that various defendants failed or refused to provide him with certain disclosures as required by law. (Id. at pp. 5-6.) The second amended complaint asserts that on December 6, 2010, plaintiff rescinded the note, which resulted in defendant Southerland fraudulently perfecting the sale. (Id. at ¶ 46.) According to the second amended complaint, on December 7, 2010, defendants Spartan and Red Shield Servicing ("RSS") foreclosed the loan, and failed to comply with federal law when the sale was perfected. (Id. at ¶¶ 47, 48.)

The complaint also contains claims against North American Title Company, Seville Equities, LLC, the purchaser of the note; Richard Gray, an attorney who prosecuted the unlawful detainer proceeding against plaintiff; David Kindopp, the mortgage broker for the subject transaction; and California Moving Company (named in the caption of the SAC as "Auburn Moving Company"), which allegedly removed plaintiff's belongings from his home without authorization. Plaintiff seeks rescission of the loan and damages. Defendants Spartan and RSS have filed answers to the original complaint. The docket indicates that defendants Kindopp, North American Title, and California Moving Company have not been served.

////

DISCUSSION

This case already presents several problems even though it has only been pending for six months. Two defendants have filed an answer, but only to the original complaint. Three defendants have not yet been served despite the order requiring timely service and joint status report, filed February 9, 2011, requiring service within 120 days. The moving defendants filed a scanty, poorly briefed motion to dismiss that addressed the second amended complaint which had not yet been approved. The motion also addresses claims that do not pertain to the moving defendants. Furthermore, plaintiff did not file an opposition to the motion to dismiss. No party has opposed plaintiff's motion for leave to file a second amended complaint.

Therefore, in order to take control of the case, the undersigned will make orders to short circuit these problems. First, as previously stated, plaintiff's motion for leave to file a second amended complaint is granted *nunc pro tunc*. Plaintiff will be required to file an opposition to the motion to dismiss; however, only the federal claims will be addressed at this point in time. Therefore, the opposition should address only the following causes of action: 2 (TILA), 3 (FCRA), 12 (12 U.S.C. § 1635 *et seq*.), 13 (12 U.S.C. § 2607), 16 (HOEPA), 19 (18 U.S.C. § 1961(4)), 20 (declaratory relief), 21 (injunctive relief), 22 (42 U.S.C. § 1983), 23 (42 U.S.C. § 1985), and 24 (42 U.S.C. § 1986).

Defendants' motion to dismiss was mostly devoid of authority or factual analysis, as required by E.D. Local Rules 230(b) and 101("'briefs' include memoranda, points and authorities and other written arguments, or compilations of authorities"). Bare contentions, unsupported by explanation or authority, are deemed waived. See FDIC v. Garner, 126 F.3d 1138, 1145 (9th Cir. 1997) (claim waived when no case law or argument in support is presented); Seattle School Dist., No. 1 v. B.S., 82 F.3d 1493, 1502 (9th Cir. 1996) (party who presents no explanation in support of claim of error waives issue); see also Pelfresne v. Village of Williams Bay, 917 F.2d 1017, 1023 (7th Cir.1990); ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority . . .

forfeits the point.  We will not do his research for him."); Johnson v. Indopco, 887 F. Supp. 1092, 1096 (N.D. Ill. 1995) (finding argument unsupported by relevant authority, or by demonstration of why it is a good argument despite lack of authority, constitutes mere assertion not meriting court's attention).

Therefore, defendants' reply shall contain proper briefing as to each claim in accordance with the local rules.  The answering defendants shall file a reply akin to a summary judgment motion which addresses only those afore-mentioned federal claims as raised in the second amended complaint.  Both the answering defendants (Spartan and RSS), and the moving defendants (Seville Equities, Sutherland and Gray), shall respond to only those causes of action that specifically name them, *and* to the causes of action which do not name any particular defendant (i.e. 19th cause of action for civil RICO).  After all replies have been submitted, the court will take the matter under submission without oral argument and issue findings and recommendations.

CONCLUSION

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion to amend the complaint, filed March 9, 2011, (dkt. # 10), is granted *nunc pro tunc*;

2. The Clerk of the Court shall serve answering defendants Spartan Mortgage Services, Inc. and Red Shield Servicing, Inc. with the second amended complaint, filed March 4, 2011. (Dkt. # 9.)

3. Plaintiff shall show cause within twenty-one (21) days of this order why his federal claims should not be dismissed by filing and serving an opposition to the motion to dismiss which addresses only the federal claims as set forth above.  Failure to comply with this order will result in a recommendation that this action be dismissed.

////

////

4. All defendants appearing in this action shall file and serve a reply within fourteen (14) days of being served with the opposition.

DATED: August 8, 2011

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/Aspenlind0366.osc.wpd