1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LARS ASPENLIND,

11            Plaintiffs,                    CIV. NO. S-11-0366 MCE GGH

12       vs.

13   SPARTAN MORTGAGE SERVICES, et al.,
                                            ORDER
14            Defendants.
     _____/

15

16          Presently pending on this court's law and motion calendar for September 15,

17   2011, is plaintiff's motion for default judgment, filed August 3, 2011, against defendants Seville

18   Equities ("Seville"), Sutherland and Gray.  Defendants have not filed an opposition.  Having

19   reviewed the motion, the court determines that it is suitable for decision without oral argument.

20   The September 15, 2011 hearing is therefore vacated.

21          Plaintiff seeks default judgment against the aforementioned defendants for their

22   failure to answer the first amended complaint within the 21 day period after service which was

23   effectuated on February 9, 2011 for defendant Gray, and February 10, 2011 for defendants

24   Seville and Sutherland.  Instead, these defendants filed a motion to dismiss on March 14, 2011,

25   which was taken under submission without a hearing by the court on April 11, 2011, almost four

26   months before plaintiff filed the motion for default judgment.

1

According to Ninth Circuit law, a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) may be made at any time before a responsive pleading is filed.  Aetna Life Insurance Co. v. Alla Medical Services, Inc., 855 F.2d 1470, 1474 (9th Cir. 1988).  The motion to dismiss in this case was filed before an answer, and therefore it is timely.

Furthermore, plaintiff did not file a request for entry of default prior to filing his motion for default judgment, as required by Fed. R. Civ. P. 55(a).  Therefore, plaintiff's motion for default judgment is denied as premature.  Finally, plaintiff did not move for default judgment until over four months *after* defendants filed their motion to dismiss, and therefore no prejudice has resulted from any possible delay in moving to dismiss.

Accordingly, IT IS ORDERED that:

1.  The September 15, 2011 hearing on plaintiff's motion for default judgment is vacated from the calendar; and

2.  Plaintiff's motion for default judgment, filed August 3, 2011, (dkt. no. 18), is denied.

DATED: September 8, 2011

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/Aspenlind0366.def.wpd