IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARS ASPENLIND,

    Plaintiffs,                           CIV. NO. S-11-0366 MCE GGH

    vs.

SPARTAN MORTGAGE SERVICES, et al.,

    Defendants.                          <u>FINDINGS AND RECOMMENDATIONS</u>
/

        Presently pending before the court is defendants Seville Equities, Sutherland and Gray's ("Moving Defendants") motion to dismiss, filed March 14, 2011.[1]  By order of August 9, 2011, plaintiff was directed to file and serve an opposition to this motion, addressing only the federal claims.  The moving defendants were directed to file a reply responding only to the federal claims, which contained proper briefing including legal authority and factual analysis.  The opposition and reply have been submitted, and plaintiff has filed a response to the reply.[2]

---

[1] This matter was previously vacated from the court's calendar for April 21, 2011, and taken under submission, the court having found that oral argument was unnecessary.

[2] The answering defendants, Spartan Mortgage Services ("Spartan") and Red Shield Servicing, Inc. ("RSS") were directed to file "a reply akin to a summary judgment motion;" however, they have not done so, but have only filed answers to the second amended complaint. A separate scheduling order will issue to those defendants.

1  Having now reviewed the filings pertinent to the motion to dismiss, the court issues the
2  following findings and recommendations.
3  BACKGROUND
4            Presently before the court is the second amended complaint, filed March 4, 2011,
5  and approved *nunc pro tunc* by order of August 9, 2011.  The second amended complaint alleges
6  that defendants evicted plaintiff from his home in a "plot to foreclose, cheat plaintiff and evict
7  plaintiff out of his property in order to conceal the illegal gains obtained from the predatory
8  lending enterprise scheme." (SAC at 2.)  Plaintiff claims that he refinanced the mortgage on his
9  primary residence in March, 2010 through Spartan Mortgage Services ("Spartan").  (SAC ¶¶ 17,
10 18.)  He alleges that various defendants failed or refused to provide him with certain disclosures
11 as required by law.  (Id. at pp. 5-6.)   The second amended complaint asserts that on December 6,
12 2010, plaintiff rescinded the note, which resulted in defendant Sutherland fraudulently perfecting
13 the sale.  (Id. at ¶ 46.)  According to the second amended complaint, on December 7, 2010,
14 defendants Spartan and Red Shield Servicing ("RSS") foreclosed the loan, and failed to comply
15 with federal law when the sale was perfected.  (Id. at ¶¶ 47, 48.)
16           The second amended complaint also contains claims against North American Title
17 Company; Seville Equities, LLC, the purchaser of the note; Richard Gray, an attorney who
18 prosecuted the unlawful detainer proceeding against plaintiff; David Kindopp, the mortgage
19 broker for the subject transaction; and California Moving Company (named in the caption of the
20 SAC as "Auburn Moving Company"), which allegedly removed plaintiff's belongings from his
21 home without authorization.  Plaintiff seeks rescission of the loan and damages.
22 \\\\
23 \\\\
24 \\\\
25 \\\\
26 \\\\

DISCUSSION

I.  LEGAL STANDARD - Failure to State a Claim[3]

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969).  The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

---

[3] Moving Defendants' argument that plaintiff's claims are so insubstantial and frivolous as to be devoid of subject matter jurisdiction is problematic in light of the requirements that pro se pleadings must be liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Therefore, the court finds subject matter jurisdiction to be present based on the assertion of federal claims and defendants' motion to dismiss based on this basis will not be considered.

1  Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

2  The court may consider facts established by exhibits attached to the complaint.
3  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also
4  consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d
5  1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other
6  papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir.
7  1986).  The court need not accept legal conclusions "cast in the form of factual allegations."
8  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

9  A pro se litigant is entitled to notice of the deficiencies in the complaint and an
10 opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See
11 Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

12 II.  ANALYSIS

13 In the order of August 9, 2011, defendants were directed to brief only those
14 federal claims that specifically named them, as well as all claims which do not name any
15 particular defendant.  Moving Defendants therefore have moved to dismiss only certain claims.

16 A.  TILA Claims (Twelfth, Twentieth and Twenty-first Causes of Action)[4]

17 The twelfth cause of action under the Truth in Lending Act is directed against all
18 three Moving Defendants, as well as non-moving defendants Spartan and RSS.  Plaintiff alleges
19 that he exercised his right to rescind on December 7, 2010, and so notified defendants in writing
20 to "take appropriate actions not to further the violations and fraud but to mitigate them...."  (SAC
21 ¶¶ 146, 196.)  Plaintiff alleges that after he rescinded, Moving Defendants continued the
22 violations by evicting him and causing his personal property to be moved from his home.  (Id. at
23 ¶ 148.)  In the twentieth cause of action, captioned "for declaratory relief," plaintiff seeks a
24 judicial determination of his rights for having rescinded and "tender[ed] money received of the

---

[4] Although the SAC contains other claims arising under TILA, they are not alleged against these Moving Defendants.

4

Mortgage Loan under state and federal law and have done so." [Sic.] (Id. at ¶ 193.) He claims that upon receiving notice of his rescission, defendants should have returned all earnest money and down payments. (Id. at ¶ 194.) The twenty-first cause of action is for injunctive relief, and to the extent it is based on state law, it will not be addressed at the present time. To the extent that it seeks rescission under TILA, it is addressed here.

Moving Defendants first allege that because they are not creditors, they cannot be held liable under TILA. TILA establishes a private right of action and provides for statutory damages for violations of TILA only against the creditor (the owner of the obligation) and assignees. 15 U.S.C. § 1640(a). Defendant Seville is alleged to have purchased the title and or note from RSS. (SAC ¶ 47.) Defendant Sutherland is accused of recording the rescinded transaction. (Id. at ¶ 48.). No information is alleged to show that he is a creditor.[5] Defendant Gray is the attorney who prosecuted an unlawful detainer action against plaintiff, and has represented defendants Sutherland and Seville for years. (SAC ¶ 13; Gray Decl., ¶¶ 2, 5.) Thus, section 1640(a) precludes an action against any of the moving defendants as they are not creditors. Because plaintiff cannot state a TILA claim against any of the Moving Defendants on this basis, he is not entitled to declaratory or injunctive relief under TILA, and the remainder of defendants' grounds for dismissal of the TILA claim need not be considered.

Accordingly, the court finds that plaintiff has failed to state a claim against defendants Sutherland, Seville, and Gray under the Truth in Lending Act.

B. RICO Claim (Nineteenth Cause of Action)

Plaintiff asserts a RICO claim against all defendants. (SAC ¶¶ 183-191.) Plaintiff's claim under RICO is similarly deficient in that the predicate acts of racketeering

---

[5] The declaration of Bruce Sutherland states that he is a member and manager of Seville Equities which consists of himself, his brother and his brother's wife. (Sutherland Decl., ¶ 2.) He states that he purchased the property at issue on December 9, 2010 at a foreclosure sale. (Id. at ¶ 4.). The undersigned does not rely on the declarations in this motion to dismiss; however, nothing in the declarations appears to support any argument that defendant Sutherland is a creditor.

activity simply do not exist. The activity underlying plaintiff's claims was a simple loan transaction. In his opposition, plaintiff claims that defendants "failed to stop the transfer of the note with the County Recorder's office by concealing the rescission." This is not the kind of unlawful activity contemplated by the Civil RICO Act. See 18 U.S.C. § 1961. It is readily apparent that amendment in this case would be futile. This claim therefore should be dismissed with prejudice.

### C. 42 U.S.C. § 1983 (Twenty-second Cause of Action)

This claim asserts that "[d]efendants, acting under color of state law, violated Plaintiff's civil rights by proceeding and acting in the way they acted towards Plaintiff and violated the enumerated statutes and rights despite the public policy of complying with the laws upon the proceedings and acts and thereafter, and this deprived Plaintiff of his right to his civil and equal protection of the law." (SAC ¶ 206.)

To succeed on a § 1983 damages claim, a plaintiff must demonstrate not only the deprivation of a right secured by the Constitution or laws of the United States, but that defendant acted under color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988). A § 1983 claim can lie against a private party only when "he is a willful participant in joint action with the State or its agents." Dennis v. Sparks, 449 U.S. 24, 27, 101 S. Ct. 183 (1980). In this case, there are no defendants who are state actors, and plaintiff has not alleged that any defendants acted in conjunction with the state or its agents. Therefore this claim should be dismissed.

### D. 42 U.S.C. § 1985 (Twenty-third Cause of Action)

Plaintiff's twenty-third claim for relief asserts a civil rights conspiracy to deprive plaintiff of equal protection pursuant to 42 U.S.C. § 1985. Section 1985 of 42 U.S.C. proscribes conspiracies to interfere with civil rights. Sanchez v. City of Santa Ana, 936 F.2d 1027, 1039 (9th Cir. 1990); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir. 1988). The statute protects only against discrimination founded upon invidious, class-based animus.

1  United Bhd. of Carpenters and Joiners Local v. Scott, 463 U.S. 825 (1983); Ramirez v. City of
2  Reno, 925 F. Supp. 681, 689 (D.Nev. 1996).  Conspiracy claims under § 1985(3) require an
3  allegation of racial, or perhaps otherwise class-based invidiously discriminatory animus.  See
4  Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).  Regarding § 1985(2), the first clause of the
5  subsection concerns conspiracy to obstruct justice in federal courts, or to intimidate a party
6  witness or juror in connection therewith, and the second clause concerns conspiracies to affect
7  the due course of justice in a state.  See Bretz v. Kelman, 773 F.2d 1026, 1028 n.4 (9th Cir.
8  1985); see also Usher v. City of Los Angeles, 828 F.2d 556, 561 n.4 (9th Cir. 1987).  The
9  requirement of racial or class-based animus has been extended to the second clause of subsection
10 1985(2).  See Bretz, 773 F.2d at 1030; Usher, 828 F.2d at 561.
11         Here, plaintiff's complaint does not allege any federal interest or involvement
12 with the alleged conspiracy, and it therefore fails to state a claim under the first clause of §
13 1985(2).  In addition, the complaint fails to allege that any of the defendants entered an
14 agreement to deprive plaintiff of his constitutional rights due to his membership in a protected
15 class.  See Usher, 828 F.2d at 560 (holding that, by alleging that racial slurs were directed against
16 him, plaintiff alleged racial animus sufficiently to survive a motion to dismiss causes of action
17 under 42 U.S.C. § 1985(2) and (3)).  Nothing in the factual allegations of the complaint supports
18 the conclusion that any defendants were motivated by invidious class-based animus to conspire
19 to violate plaintiffs' civil rights pursuant to 42 U.S.C. § 1985 (3).  It states only that defendants
20 conspired to deprive plaintiff of the equal protection of the laws and that they "committed some
21 acts in furtherance of the conspiracy which include lack of preventing the violations and to
22 permit the violations to continue.  (SAC ¶¶ 210, 211.)  "A mere allegation of conspiracy without
23 factual specificity is insufficient."  Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626
24 (9th Cir. 1988).
25         Accordingly, plaintiff's complaint fails to state an actionable conspiracy claim
26 under 42 U.S.C. § 1985, is frivolous, and the Moving Defendants' motion to dismiss this claim

should be granted.

E. <u>42 U.S.C. § 1986 (Twenty-fourth Cause of Action)</u>

The twenty-fourth cause of action asserts that "[d]efendants neglected to prevent with each other, and perhaps with others currently unknown to this Plaintiff, to deprive Plaintiff of equal protection of the laws and of equal privileges and immunities under the laws...." Plaintiff also alleges that defendants conspired to prevent the violations and allowed the violations to continue. (SAC ¶ 215.)

42 U.S.C. § 1986 provides that:

> [e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented . . . .

42 U.S.C. § 1986.

"Section 1986 imposes liability on every person who knows of an impending violation of section 1985 but neglects or refuses to prevent the violation." <u>Sanchez v. City of Santa Ana</u>, 936 F.2d 1027, 1040 (9th Cir. 1990) (citing <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 626 (9th Cir. 1988)). "A violation of section 1986 thus depends on the existence of a valid claim under [section] 1985." <u>Sanchez</u>, 936 F.2d at 1040 (citations omitted). "[A] cause of action is not provided under 42 U.S.C. § 1986 absent a valid claim for relief under § 1985." <u>Trerice v. Pedersen</u>, 769 F.2d 1398, 1403 (9th Cir. 1985).

As plaintiff's section 1985 claim fails as set forth above, so too does his section 1986 claim.

\\\\

\\\\

\\\\

CONCLUSION

Accordingly, IT IS RECOMMENDED that:

1. The motion to dismiss by defendants Seville Equities, LLC, Sutherland, and Gray, filed March 14, 2011, (dkt. # 11), be granted and these defendants be dismissed with prejudice.

2. The following claims should be dismissed with prejudice against all defendants: RICO (nineteenth cause of action), 42 U.S.C. § 1983 (Twenty-second cause of action), 42 U.S.C. § 1985 (Twenty-third Cause of Action), and 42 U.S.C. § 1986 (Twenty-fourth Cause of Action).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 10, 2011

      /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076Aspenlind366.fr.wpd