IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARS ASPENLIND,

     Plaintiffs,                    No. 2:11-cv-0366 MCE GGH PS

     vs.

SPARTAN MORTGAGE SERVICES, et al.,

                                     FINDINGS AND RECOMMENDATIONS

     Defendants.

        This action was referred to the undersigned pursuant to Local Rule 302(c)(21). Pending before the court is defendants Spartan Mortgage Services, Inc. and Red Shield Servicing, Inc.'s motion to compel discovery, filed April 11, 2012. Robert Iseley appeared for defendants. Plaintiff made no appearance and filed no opposition.

        In the order requiring joint status report, filed February 9, 2011, plaintiff was advised of the requirement to obey federal and local rules, as well as orders of this court, and the possibility of dismissal for failure to do so. Defendants filed a motion to compel discovery responses on April 11, 2012, to which plaintiff did not respond. Plaintiff also failed to appear at the hearing on the motion.

        This failure to appear is not the first time plaintiff has failed to prosecute his case. Plaintiff failed to file an opposition to the motion to dismiss, filed March 14, 2011, and the court

1

issued an order to show cause for that failure on August 9, 2011.  On November 19, 2011, plaintiff was again ordered to show cause for his failure to serve three defendants pursuant to Fed. R. Civ. P. 4(m).  When plaintiff did not respond to the order to show cause, these defendants were dismissed.  In these orders, plaintiff was repeatedly warned of the possibility of dismissal.

Although the court liberally construes the pleadings of pro se litigants, they are required to adhere to the rules of court.  As set forth in the district court's order requiring status report, failure to obey local rules may not only result in dismissal of the action, but "no party will be entitled to be heard in opposition to a motion at oral arguments if opposition has not been timely filed by that party."  E. D. Cal. L. R. 230(c).  More broadly, failure to comply with the Local Rules or "any order of the court may be grounds for imposition . . . of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  E. D. Cal. L. R. 110; see also E. D. Cal. L. R. 183 (requiring compliance with the Local and Federal Rules by pro se litigants).

"Failure to follow a district court's local rules is a proper ground for dismissal." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).  The court should consider:  (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions.  Similar considerations authorize dismissal of an action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  Link v. Wabash R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991). Moreover, failure to obey court orders is a separate and distinct ground for imposing the sanction of dismissal.  See Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (setting forth same factors for consideration as Ghazali).

The court has considered the factors set forth in Ghazali.  "[T]he key factors are prejudice and availability of lesser sanctions."  Wanderer v. Johnston, 910 F.2d 652, 656 (9th

Cir.1990). Defendants are clearly prejudiced by the requirement of defending an abandoned case, and this court is put in the untenable position of expending limited judicial resources to decide such a case on the merits. The public's interest in expeditious resolution of litigation, the court's need to manage its docket, and the unsuitability of a less drastic sanction, direct that this case be dismissed.

Accordingly, IT IS RECOMMENDED that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge"s Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 13, 2012

   /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/Aspenlind0366.41.wpd